## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

    v.

Michael Llewellyn Long

July 11, 1988

Case No. L-88-260

By JUDGE WILLIAM H. LEDBETTER, JR.

The question for resolution is whether the court should declare Mr. Long to be an habitual offender under Virginia Code § 46.1-387.6. Mr. Long was summoned to court on a show cause order on July 5, 1988, and, after hearing the evidence, the court took the matter under advisement.

The Commissioner has certified that Mr. Long's DMV record indicates a conviction for DUI in November 1981; a conviction for driving on a revoked license in May 1982; and a conviction for DUI in June 1987.

Mr. Long does not dispute these convictions. He does not dispute that his conviction record meets the habitual offender requirements of § 46.1-387.2. Instead, he asks the court for leniency on the ground that most, if not all, of his driving problems stem from alcohol abuse, and that he has successfully completed an inpatient treatment program at Mountain Wood. Further, he points out that he needs his operator's license in connection with his employment.

· The provisions of the Habitual Offender Act are mandatory. If the court finds that the person at the bar is the same person named in the abstract, and that he is an habitual offender as defined in the Act, "the court shall so find and by appropriate order direct such person not to operate a motor vehicle. . . and to surrender to the court all licenses or permits . . . ." § 46.1-387.6.

Despite this statutory language, circuit courts from time to time do consider a limited group of unusual circumstances and do grant relief from the harsh consequences of the Act by dismissing the show cause or continuing the case, with conditions, for a period of time. Without exploring all of those unusual circumstances, suffice it that this is not one of them.

In addition to the three offenses certified to the court for his proceeding, Mr. Long's DMV transcript shows a suspension and ASAP referral in 1981; reckless driving convictions in 1980 and 1982; operating uninspected vehicles in 1986, and twice in 1987; and driving with no operator's license in 1987. This record evinces an indifference to and disrespect for the laws of the Commonwealth which cannot go unnoticed.

The court is not without sympathy for Mr. Long. This declaration will adversely affect his employment. In addition, the court is mindful of his conscientious (and expensive) efforts to deal with his alcohol dependency. Nevertheless, in trying to balance the mandatory language of the Act and the General Assembly's stated policy (Section 46.1-387.1) with the court's desire to show compassion and leniency in certain of these cases, the scales here tip in favor of enforcement of the statutory directive.

Accordingly, an order has been entered this date declaring Mr. Long an habitual offender, and the Clerk is directed to deliver a certified copy of the Order to the sheriff so that it can be personally served upon Mr. Long.